UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEAN PARKS,<br><br>    Plaintiff,<br><br>    v.<br><br>E. McEVOY,<br><br>    Defendant.<br>_____/ | No. C-12-5094 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.   INTRODUCTION

Steven Dean Parks, an inmate at San Quentin State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.   BACKGROUND

The complaint in this action is rather confused, and is made only slightly less so by reading the exhibits. The exhibits disclose that defendant E. McEvoy issued a rule violation report to Mr. Parks on December 2, 2011 that charged him with being "Out of Bound[s]" on November 30, 2011. Ms. McEvoy described the circumstances in the rule violation report:

> [Mr. Parks] entered the Maintenance Vocational Office Area which is clearly marked "Out of Bounds" on the floor and on the door. He entered into the office area and asked two inmate clerks . . . for a copy of a work order that was submitted. He tried to manipulate the inmates assigned to this area prior to attempting to get the information from staff. The inmates told I/M Parks they would not give him a copy. He then came into my office and stated he wanted a copy of the work order. I explained to the inmate I was not authorized to release that document to him. I was not a supervisor. This inmate walked through an Out of Bounds area without permission from his supervisor or any free staff in this area.

Docket # 1, p. 10. The rest of the multi-part CDC-115 form used for a rule violation report (e.g., the portion that describes the hearing proceedings and results) is not attached to the complaint. *Id.* Other exhibits show that Mr. Parks filed a successful inmate appeal about the rule violation report. The second level appeal response stated that Mr. Parks had requested that the rule violation report be removed from his file "due to errors in the hearing." *Id.* at 11. The second level appeal response stated that a correctional captain "conducted a review of the disciplinary report and discovered numerous errors in the disposition," specifically that while he had been charged with "Out of Bound," the disposition was written as "refusing to sign parole papers." *Id.* The inmate appeal was granted, and the rule violation report was removed from his central file on May 8, 2012. *Id.*

The claims in the complaint appear to be based on the foregoing rule violation report. Mr. Parks alleges that Ms. McEvoy falsified the rule violation report, in violation of his constitutional rights. He also alleges that Ms. McEvoy discriminated against him and put his life in danger by using two African Americans in some unidentified way, in violation of his Eighth Amendment rights. *See id.* at 4, 12.

### III.   DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

False charges alone are not actionable under § 1983 because falsely accusing an inmate of misconduct does not violate a right secured by the Constitution or laws of the United States. For a

false accusation to be potentially actionable, the false charge must implicate some constitutional right, such as the Fourteenth Amendment's right to due process or the First Amendment-based right to be free from retaliation. An allegation of a false charge that results in discipline that is not severe enough to amount to a deprivation of a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995)[1] – that is, by imposing an atypical and significant hardship or by inevitably affecting the duration of confinement – does not state a claim under § 1983. *See Smith v. Mensinger*, 293 F.3d 641, 653-54(3d Cir. 2002) (no § 1983 claim was stated for allegedly false charges because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*); *accord Strong v. Ford*, 108 F.3d 1386, 1997 WL 120757 (9th Cir. 1997) (unpublished table case) (affirming summary judgment in favor of defendants where guard's allegedly false statement resulted in a loss of 30 days time credit that was ultimately restored; "[t]he alleged making of a false charge, however, reprehensible or violative of state law or regulations, does not constitute deprivation of a federal right protected by 42 U.S.C. § 1983 when it does not result in the imposition of 'atypical hardship on the inmate in relation to the ordinary incidents of prison life'"). Even if the false charge does result in discipline that amounts to the deprivation of a protected liberty interest under *Sandin*, a § 1983 claim is not stated if the inmate is afforded the procedural protections required by federal law at the disciplinary hearing. *See Smith*, 392 F.3d at 654; *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

---

[1] The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Changes in conditions of confinement for a prison inmate may amount to a deprivation of a constitutionally protected liberty interest, provided that the liberty interest in question is one of "real substance." *Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). An interest of "real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. In determining whether a restraint is an "atypical and significant hardship," courts consider whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody, the duration of the condition, the degree of restraint imposed, and whether the discipline will invariably affect the duration of the prisoner's sentence. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

1    Here, Mr. Parks did not allege any facts to suggest that the alleged false accusation
2 implicated some constitutional right. He did not describe what, if any, discipline was imposed as a
3 result of the allegedly false rule violation report. He did not allege facts suggesting that the
4 allegedly false accusation resulted in the deprivation of a protected liberty interest under *Sandin*.
5 Moreover, since the rule violation report was removed from his file, it does not appear that it had
6 any effect on the duration of his confinement, notwithstanding his allegations that it might affect his
7 parole eligibility. *See* Docket # 1, p. 15. Mr. Parks also did not allege that he was deprived of any
8 of the procedural protections to which he was entitled under *Wolff v. McDonnell*, 418 U.S. 539
9 (1974), at the disciplinary hearing. The claim is dismissed with leave to amend.

10   Mr. Parks' claim that Ms. McEvoy's allegedly false rule violation report violated his Fourth
11 Amendment rights is dismissed. The Fourth Amendment, which protects against unreasonable
12 searches and seizures, has no application to the facts alleged in the complaint.

13   The Eighth Amendment's prohibition of cruel and unusual punishments requires that prison
14 officials take reasonable measures for the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825,
15 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met:
16 (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively,
17 deliberately indifferent to the inmate's safety. *See id.* at 834. Plaintiff alleges that Ms. McEvoy
18 violated his Eighth Amendment rights by "using" two African Americans, but fails to explain how
19 she used these inmates. The complaint does not state a claim for an Eighth Amendment violation
20 because Mr. Parks does not allege what the objectively serious risk to his safety was, and how Ms.
21 McEvoy was deliberately indifferent to that risk. Leave to amend will be granted so that he may
22 attempt to allege a deliberate indifference to safety claim, bearing in mind that he must allege facts
23 showing existence of both an objectively serious risk to his safety and deliberate indifference thereto
24 by the prison official.

25   The complaint repeatedly mentions racism, but fails to state a claim based on racism. Mr.
26 Parks alleges that he is white and that two African Americans were "used" but he fails to provide
27 any understandable statement that suggests an equal protection violation. Leave to amend will be
28 granted so that he may attempt to allege an equal protection claim. "To state a § 1983 claim for

violation of the Equal Protection Clause "'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

## IV. CONCLUSION

The complaint fails to state a claim upon which relief may be granted. Leave to amend will be granted so that plaintiff may attempt to state a claim. The amended complaint must be filed no later than **March 8, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: February 12, 2013

_____
EDWARD M. CHEN
United States District Judge