UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN DEAN PARKS,

    Plaintiff,

v.

E. McEVOY,

    Defendant.

No. C-12-5094 EMC (pr)

**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND**

## I. INTRODUCTION

Steven Dean Parks, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. After the Court dismissed the original complaint with leave to amend, Mr. Parks filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915A.

## II. DISCUSSION

A. <u>Original Complaint Was Dismissed With Leave To Amend</u>

In his very confusing original complaint, Mr. Parks appeared to allege that Defendant falsified a rule violation report that was later removed from his central file, and that Defendant discriminated against him and put his life in danger by using two African Americans in some unidentified way.

The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend to address several deficiencies in the complaint. First, the court explained that, to allege a cognizable due process claim, Mr. Parks had to allege facts showing that the falsification of the rule violation report caused the imposition of an atypical and significant hardship or inevitably affected

the duration of Mr. Parks' confinement. *See* Docket # 4 at 3-4. Second, the court explained that the Eighth Amendment claim for deliberate indifference to safety was deficient because the facts of the claim were not understandable, the complaint did not identify an objectively serious risk to his safety, and the complaint did not allege how Defendant was deliberately indifferent to that risk. *See id.* at 4. Third, the court explained that the complaint did not allege any facts suggestive of an equal protection violation.

B.  Review of The Amended Complaint

Mr. Parks then filed an amended complaint. Pursuant to 28 U.S.C. § 1915A, the Court must screen the complaint to identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

Due Process Claim:  In his amended complaint, Mr. Parks again alleges that Defendant violated his right to due process by writing up the allegedly false rule violation report that stated that Mr. Parks was out-of-bounds. He further alleges that the rule violation report was removed from his file when he filed a successful inmate appeal. *See* Docket # 6 at 2.

The amended complaint does not state a claim for a due process violation based on the allegedly false rule violation report. As the Court explained in the order of dismissal with leave to amend, to allege a cognizable due process claim, Mr. Parks had to allege facts showing that the falsification of the rule violation report counseling chrono caused the imposition of an atypical and significant hardship or inevitably affected the duration of Mr. Parks' confinement. The amended complaint fails to allege such facts. Mr. Parks does allege in his amended complaint that the existence of the rule violation report in his central file will work to his detriment in his parole consideration. Even assuming that the rule violation report remains in his central file, the possible effect of a disciplinary decision on later parole consideration is too speculative to say that the disciplinary decision has an inevitable effect on the duration of the prisoner's confinement. *See Sandin*, 515 U.S. at 487 (even though misconduct is a relevant consideration in the parole context, "[t]he decision to release a prisoner rests on a myriad of considerations. . . . The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural

2

1  guarantees of the Due Process Clause"). The amended complaint fails to allege facts showing that
2  the rule violation report has resulted in the deprivation of a federally protected liberty interest.

3  Additionally, a due process claim is not stated because the amended complaint also fails to
4  allege and identify any procedural protection that was not provided at the disciplinary hearing. As
5  the Court earlier explained, "a § 1983 is not stated if the inmate is afforded the procedural
6  protections required by federal law at the disciplinary hearing." Docket # 5 at 3; *see also id.* at 4
7  (plaintiff failed to allege that he was deprived of any procedural protections at the disciplinary
8  hearing). The due process claim is dismissed without leave to amend.

9  <u>Eighth Amendment Claim</u>: Mr. Parks further contends in his amended complaint that a
10 danger was created, apparently in an effort to allege an Eighth Amendment deliberate indifference
11 claim, but the Court simply cannot understand what he is attempting to allege.[1] He also contends
12 that he "suffered from serious head and leg and ribcage injurys from 5 inmates in this incident," *id.*
13 at 5, but fails to identify the incident to which he is referring or how it is connected to Defendant's
14 acts or omissions. Mr. Parks also states that his life was placed in danger because Defendant put the
15 names of the two inmates on the rule violation report, *see id.* at 5-6, but fails to explain how the
16 inclusion of two inmates' names on a report (especially one that was removed from his central file)
17 would present any danger to him. He further alleges that he was beaten on an unspecified day by
18 unnamed persons for unnamed reasons. *See id* at 6.

19 The Court cannot understand enough of Mr. Parks' allegations to determine whether he
20 states a claim against Defendant. Leave to amend will be granted so that Mr. Parks will have one
21 last chance to attempt to allege his Eighth Amendment claim. As the Court explained in the order of
22 dismissal with leave to amend, a prison official violates the Eighth Amendment only when two
23 requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the

---

[1] The amended complaint alleges: "And nothing with any value to the defendant allegation and truly put my life in danger with two (2) inmates said in her *false* statements in that 115 (RVR) disciplinary." Docket # 6 at 3 (errors in source); *see also id.* at 4 ("defendant under-stood fully that what she did to me was going befor a honorable court and judge for putting my life in danger and used two inmates she said by name in writing. Fails to protect or prevent medicale injurys to the plaintiff. In the inadequate medical care by the Department of Correction and Rehabilitation (CDCR) that clearly state prisoners are being held in a over-crowing system that fails to protect or prevent medical injurys" (errors in source)).

3

official is, subjectively, deliberately indifferent to the inmate's safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In preparing his second amended complaint, Mr. Parks should bear in him that he must allege facts showing existence of both an objectively serious risk to his safety and deliberate indifference thereto by Defendant.

<u>Equal Protection Claim</u>: Mr. Parks also contends in his amended complaint that Defendant violated his right to equal protection. As with the Eighth Amendment claim, the Court simply cannot understand what he is attempting to allege. For example, he urges: "Once again defendant violated plaintiff equal protection clause & defendant acted with an intent to show plaintiff or purpose to allege plaintiff conduct was some how his fault." Docket # 6 at 3 (errors in source); *see also id.* at 6 ("defendant violated plaintiff equal protection clause. Defendant acted with an intent to show plaintiff true meaning of fear for my life, and full knowledge of the adverse affect it would have when the two inmates got done with plaintiff").

The Court cannot understand enough of Mr. Parks' allegations to determine that he states a claim for an equal protection violation. Leave to amend will be granted so that Mr. Parks will have one last chance to attempt to allege his claim for a violation of his Fourteenth Amendment right to equal protection of the laws. To allege a violation of his rights under the Equal Protection Clause, Mr. Parks must allege facts showing that "'the defendant[] acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

## III. CONCLUSION

The amended complaint fails to state a claim upon which relief may be granted. Leave to amend will be granted so that plaintiff may attempt to state a claim. The second amended complaint must be filed no later than **November 15, 2013**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his second amended complaint must be a complete statement of his claims, although he need not repeat the due process claim which the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent

4

amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the second amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: October 8, 2013

_____
EDWARD M. CHEN
United States District Judge

5