UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEAN PARKS,<br><br>    Plaintiff,<br><br>    v.<br><br>E. McEVOY,<br><br>    Defendant.<br>_____/ | No. C-12-5094 EMC (pr)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL** |

## I. INTRODUCTION

Steven Dean Parks, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. After the Court dismissed the original complaint with leave to amend, and then dismissed the amended complaint with further leave to amend, Mr. Parks filed a second amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915A. The Court also considers the motion for appointment of counsel.

## II. BACKGROUND

The second amended complaint alleges the following;

Mr. Parks was attacked in his cell by five inmates on or about December 1, 2011. Two of the attacking inmates (i.e., Miller and Montgomery) worked as clerks for defendant, Ms. McEvoy, who had earlier written a rule violation report against Mr. Parks. They were aided by three of their inmate friends (i.e., Red, Black and Homeboy). They beat up Mr. Parks severely, but he did not seek or receive medical care because they told him they would harm him and/or his family if he said anything about the incident. When they left, "there was a warped (sic) up note on paper that said E.

McVoy had sent this message to plaintiff." Docket # 8 at 3; *see also id.* at 4. The inmates who attacked him are African Americans, and Mr. Parks is Caucasian. Ms. McEvoy told or otherwise caused inmates Miller and Montgomery to injure Mr. Parks. *See id.* at 1 and 2.[1]

### III.  DISCUSSION

A.  Review Of Second Amended Complaint

Pursuant to 28 U.S.C. § 1915A, the Court must screen the second amended complaint to identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

Due Process Claim: The Court earlier determined that Mr. Parks had failed to state a claim for a due process violation in his amended complaint and dismissed it without leave to amend. *See* Docket # 7 at 2-3. Nothing alleged in the second amended complaint changes that analysis.

Eighth Amendment Claim: Mr. Parks alleges that Ms. McEvoy put him in danger by telling or otherwise causing two of her inmate-clerks to attack him. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). If Mr. Parks' theory is that Ms. McEvoy specifically directed the inmates to beat him up and they acted as an instrumentality of her, her Eighth Amendment liability may be based on an excessive force theory. *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (Eighth Amendment's prohibition of cruel and unusual punishments protects an inmate from force used maliciously and sadistically for the very purpose of causing harm); *cf. Miller v. Clark County*, 340 F.3d 959, 961-63 (9th Cir. 2003) (analyzing K-9 dog handler's liability for excessive force based on K-9 dog's actions). Liberally construed, the second amended complaint states a cognizable claim against Ms. McEvoy for an Eighth Amendment

---

[1] The second amended complaint is somewhat vague on this critical point, as it alleges in some places that Ms. McEvoy sent the inmates to attack Mr. Parks and in other places alleges that Ms. McEvoy wrote a disciplinary report "guaranteeing that the two inmates [named in it] was going to take action in a assault on the plaintiff." *Id.* at 3. Giving the *pro se* pleading the liberal construction to which it is entitled, the Court construes the allegation to be that Ms. McEvoy told or otherwise caused the inmates to attack Mr. Parks.

2

1  violation, with the particular theory (i.e., deliberate indifference to safety or excessive force)
2  depending on the facts that are developed in this litigation.

3  The second amended complaint mentions the injuries Mr. Parks sustained in the attack. No
4  claim is stated for deliberate indifference to medical needs because Mr. Parks specifically states that
5  he did not request medical care. He has not alleged, nor does it appear he could allege, that anyone
6  responded with deliberate indifference to an unmade request for care. *See Farmer*, 511 U.S. at 837
7  (for there to be deliberate indifference, prison official must not only "be aware of facts from which
8  the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw
9  the inference"). If a prison official should have been aware of the risk, but was not, then the official
10 has not violated the Eighth Amendment, no matter how severe the risk. *See Gibson v. County of*
11 *Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

12 Equal Protection Claim: The second amended complaint alleges that Ms. McEvoy violated
13 Mr. Parks' right to equal protection because his attackers were African American. The Court
14 previously instructed him that, "[t]o allege a violation of his rights under the Equal Protection
15 Clause, Mr. Parks must allege facts showing that "'the defendant[] acted with an intent or purpose to
16 discriminate against the plaintiff based upon membership in a protected class.'" *Thornton v. City of*
17 *St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)." Docket # 7 at 4. The only facts alleged in the
18 second amended complaint potentially relating to an equal protection claim are that two of his
19 attackers were African American and Mr. Parks is white. That he was a different race from his
20 attackers does not show an equal protection violation. Even with liberal construction, the second
21 amended complaint does not state a claim for a violation of Mr. Parks' rights under the Fourteenth
22 Amendment's Equal Protection Clause. The equal protection claim is dismissed without leave to
23 amend.

24 B.   Motion For Appointment Of Counsel

25 Mr. Parks has moved for appointment of counsel to represent him in this action. A district
26 court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent
27 civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th
28 Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability

of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The request for appointment of counsel is DENIED. (Docket # 9.)

### IV. CONCLUSION

1. The second amended complaint states a cognizable § 1983 claim against Ms. E. McEvoy for a violation of Mr. Parks' Eighth Amendment rights. All other claims and defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the documents in the case file upon Ms. E. McEvoy, who apparently works in the Maintenance Vocational Office Area at San Quentin State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 13, 2014**, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. If Defendant files a motion for summary judgment, Defendant must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time she files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If Defendant files a motion to dismiss for non-exhaustion of administrative remedies, Defendant must provide to Plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time she files such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **July 11, 2014**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the

notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.     If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **July 25, 2014**.

    4.     Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).
>
> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008.

    5.     All communications by Plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

9. Plaintiff's request for appointment of counsel is DENIED. (Docket # 9.)

IT IS SO ORDERED.

Dated: March 14, 2014

_____
EDWARD M. CHEN
United States District Judge